# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURHJINDER SINGTUTT,<br><br>         Plaintiff,<br><br>   v.<br><br>PACCAR INC. d/b/a PETERBILT MOTOR CO. a foreign corporation,<br><br>         Defendant.<br>_____/ | Case No. 1:14-cv-00134-LJO-SKO<br><br>**ORDER TO SHOW CAUSE WITHIN SEVEN (7) DAYS WHY SANCTIONS SHOULD NOT BE IMPOSED** |

This case was removed to this Court from the Fresno County Superior Court on January 30, 2014. A scheduling conference was set for May 6, 2014. (Doc. 2.) On April 29, 2014, Defendant Paccar, Inc. ("Defendant") filed a scheduling report statement supported by the declaration of Steven McEvoy, Defendant's counsel, indicating that Defendant had been unable to contact Plaintiff's counsel for preparation of the joint scheduling report to be filed on or before April 29, 2014.

Defendant states that on January 30, 2014, it served Plaintiff's counsel, Lisa Sherman, with notice of the removal of the case. Ms. Sherman contacted Defendant's counsel to advise that another attorney had been substituted in her place just prior to service of Defendant's removal notice. Ms. Sherman did not have the contact information for the new attorney, but directed Defendant's counsel to contact Jason Hegedus of the Lemon Law Group located in Michigan. (Doc. 10-1, McEvoy Decl., ¶ 1.) Defendant's counsel left a voicemail message for Mr. Hegedus. (Doc. 10-1, McEvoy Decl., ¶ 2.)

1   Defendant thereafter obtained Plaintiff's new counsel's information from the filed substitution of attorney form on the Fresno County Superior Court docket.  Plaintiff's new counsel of record is Kathryn Abrams of Abrams & Waldstein, LLP, in Beverly Hills, California, as set forth in the filing with the Fresno County Superior Court on January 8, 2014.  (*See Singtutt v. Paccar, Inc.*, Case no. 13CVCG03679, Fresno County Superior Court.)

Defendant's counsel re-served the notice of removal documents on Ms. Abrams on February 18, 2014.  (Doc. 10-1, McEvoy Decl., ¶ 3.)  On March 31, 2014, Defendant's counsel faxed a letter to Ms. Abrams advising of the scheduling order and requesting dates to meet and confer prior to April 15, 2014.  (Doc. 10-1, McEvoy Decl., ¶ 4.)  The letter was faxed to the fax number listed on the attorney substitution form and the number provided by Ms. Abrams to the State Bar of California.  However, Ms. Abrams did not contact Defendant's counsel.

Defendant's counsel faxed another letter to Ms. Abrams on April 15, 2014, with the same information.  An unidentified individual contacted Defendant's counsel telephonically and left a voicemail stating that Ms. Abrams was not an attorney at the office to which the fax was transmitted.  This individual did not leave a number or the name of the firm or office with which the fax number was associated.  Defendant's counsel then called the phone number Ms. Abrams listed on the attorney substitution form as well as the number she provided to the State Bar of California.  The telephone number was out of service.  (Doc. 10-1, McEvoy Decl., ¶ 5.)

Defendant's counsel performed an internet search for Ms. Abrams, but the only contact information found was the same as that provided in the substitution of attorney form filed with the Fresno County Superior Court and that listed on the State Bar of California's website.  Defendant's counsel left another voicemail message for Mr. Hegedus, but he did not return the call.  (Doc. 10-1, McEvoy Decl., ¶ 6.)

On April 16, 2014, Defendant's counsel sent a letter by Certified Mail to the address listed on the attorney substitution form and on Ms. Abrams' State Bar of California website profile.  The letter was delivered, but Defendant's counsel did not receive a response to any letters or phone calls from Plaintiff or his counsel.  (Doc. 10-1, McEvoy Decl., ¶ 7.)  As a result, the parties were unable to meet and confer regarding the preparation of the joint scheduling report.

2

1  The Court's order regarding the scheduling conference requires trial counsel for all parties to conduct a conference at least 20 days prior to the scheduling conference and to prepare a joint scheduling report.  (Doc. 2, 3:21-24.)  As Plaintiff's counsel has failed to communicate with Defendant's counsel regarding the preparation of the joint scheduling report and failed to jointly submit a scheduling report or other request prior to the deadline to do so, Plaintiff shall show cause why sanctions, up to and including dismissal, should not be imposed or recommended.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 7 days from the date of this order, Plaintiff shall file a statement indicating why sanctions, up to and including dismissal of this action, should not be imposed or recommended for failure to comply with the Court's order regarding the submission of a joint scheduling report;

2. If Plaintiff fails to respond to this order to show cause, the Court may recommend that Plaintiff's suit be dismissed; and

3. The Scheduling Conference currently set for May 6, 2014, is VACATED and will be reset if and when appropriate.

IT IS SO ORDERED.

Dated:   **May 1, 2014**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE