# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURHJINDER SINGTUTT,<br><br>               Plaintiff,<br><br>    v.<br><br>PACCAR INC. D/B/A PETERBILT MOTOR CO.; CUMMINS, INC., A FOREIGN PROFIT CORPORATION,<br><br>               Defendants. | Case No. 1:14-cv-00134-LJO-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFS' FIRST AMENDED COMPLAINT.<br><br>(Docs. 1 & 34) |

    Before the Court in the above-styled and numbered cause of action is Defendant Cummins Inc.'s Motion to Dismiss Pursuant to Federal rule of Civil Procedure 12(b)(6), filed December 22, 2014 (Doc. 34).  On November 25, 2013, Plaintiff Singtutt brought this action in the Superior Court of California, County of Fresno.  On January 30, 2014, Defendant Paccar, Inc. ("Paccar") removed this case to this Court (Doc. 1), on the basis of federal question jurisdiction.  On November 21, 2014, Singtutt filed a First Amended Complaint ("FAC") (Doc. 32), wherein he added Cummins, Inc. ("Cummins") as a Defendant.  By his FAC, Singtutt alleges one cause of action against Defendants Cummins and Paccar for violation of the Magnuson-Moss Warranty Act ("MMWA" or "the Act").  *See Id.* at ¶¶31-41; *see also* 15 U.S.C. 2310, *et seq.*

1

On December 22, 2014, Defendant Cummins filed the instant motion to dismiss under Rule 12(b)(6), failure to state a claim (Doc. 34). Singtutt failed to file a timely opposition, and on January 12, 2015, Cummins filed a Notice of Non-opposition specifically objecting to the untimely filing of any opposition that may be filed (Doc. 35). To date, Plaintiff has not filed an opposition. The matter was taken under submission pursuant to Local Rule 230(g).

## I. BACKGROUND[1]

This is a "breach of warranty" lawsuit relating to a 2013 Peterbilt model 579 commercial truck which Singtutt purchased from the Rush Truck Center in Tulsa, Oklahoma. Singtutt alleges that, while the truck was still under warranty, he took it in for repairs for various reasons including, but not limited to, oil, air, and oil pan gasket leaks, an engine-oil leak at the left-side rear, an anti-lock breaking system light malfunction, overheating of the front-rear differential, and hard-ride vibration with excessive shifter shaking. He contends that Defendants were either unable or unwilling to diagnose and repair the defects. Plaintiff contends that by this behavior, Defendants willfully violated the MMWA.

## II. LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] The Court derives this factual summary from Plaintiff's FAC. (Doc. 32).

*Twombly,* 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly,* 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The inquiry ultimately focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("The focus of a Rule 12(b)(6) dismissal . . . is the complaint.") .

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *al–Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009).  This rule does not apply to "'a legal conclusion couched as a factual allegation.'" *Papasan v. Allain,* 478 U.S. 265, 286 (1986) *quoted in Twombly,* 550 U.S. at 555.  Nor does it apply to "allegations that contradict matters properly subject to judicial notice" or to "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008), or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988–89 (9th Cir. 2001).  Bare assertions amounting to nothing more than a 'formulaic recitations of the elements' are not entitled to an assumption of truth.  *Iqbal*, 556 U.S. at 681.  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.  *Twombly*, 550 U.S. at 562, *quoting Cart Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985).

The Court generally may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002); *Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001).  However, the Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b).  Proper subjects of judicial notice when ruling on a motion to dismiss include court documents already in the public record and documents filed in other courts, *see Holder v. Holder,* 305 F.3d 854 866 (9th Cir. 2002).

A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

**III.   ANALYSIS**

The dispositive issue is whether the vehicle about which Plaintiff complains, a 2013 Peterbilt 579, is considered a "consumer product" under the MMWA, 15 U.S.C. §§ 2301-12.  In the FAC, Plaintiff makes the conclusory statement that his truck is a consumer product.  *See* FAC, (Doc. 1), ¶¶ 24, 35.  Defendant Cummins asserts that the Act does not apply to tractor-trailers like Sungtitt's commercial truck and, therefore, his claims brought under the Act are necessarily barred. Cummins asks the Court to take judicial notice of the type of truck at issue, as pleaded in the FAC filed with this Court. *See Id*.  As the FAC is a public record, the Court will do so.

The MMWA establishes minimum standards for express and implied warranties for goods and offers consumers remedies when the warranties are found to be inadequate. 15 U.S.C. §§ 2304-2310. The Act applies only to warranties that pertain to consumer products. *Id.* § 2302(e). A "consumer product" is "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes...." *Id.* § 2301(1); *see also* 16 C.F.R. § 700.1(a) (defining "consumer product" similarly). Neither the percentage of sales nor the use to which a product is put by any individual buyer is determinative. 16 C.F.R. § 700.1(a). If it is unclear whether a particular product is covered by the Act, courts should resolve the ambiguity in favor of coverage. *Id.*

There is no such ambiguity here. On the face of the complaint, Plaintiff's MMWA claim centers on his commercial truck, a Peterbilt 579. *See, generally,* FAC (Doc. 32), ¶ 11. A tractor-trailer product is generally used for commercial purposes and is not within the coverage of the Act. *See* Consumer Protection and the Law § 14:5, Thomson Reuters (updated Nov. 2014) (collecting cases); *see, e.g., Ruelas v. Freightliner, LLC*, 2008-1 Trade Cas. (CCH) ¶ 76094, 2008 WL 552445 (E.D. Cal. 2008) (finding that a tractor-trailer is not "consumer product" under MMWA); *Trans Hudson Express, Inc. v. Nova Bus Co.*, 2007 WL 1101444 (D.N.J. 2007) (finding that a transit bus is not "consumer product"); *Viking Transport, LLC v. Garrison*, 2007 WL 295617 (E.D. Va. 2007) (finding that a "freightliner" truck typically used for commercial purposes is not a consumer product under MMWA). As the MMWA applies only to warranties that pertain to consumer products and the commercial truck at issue is not a consumer product, Plaintiff fails to satisfy a requisite element of his claim. Moreover, Plaintiff does not oppose the motion to dismiss.

The Court concludes that even taking the facts in the light most favorable to the Plaintiff, his claims as against either Defendant cannot survive a 12(b)(6) motion to dismiss.

To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be granted leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*citations omitted*). Here, however, even should the Court grant leave to amend, additional facts would do nothing to change the undisputed facts now before the Court. As amendment cannot cure the defect, it is futile.

**IV. CONCLUSION AND ORDER**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Surhjinder Singtutt's claims against Defendants Paccar Inc., d/b/a Peterbilt Motor Co., and Cummins, Inc. are **DISMISSED WITH PREJUDICE**.

As this ruling addresses all remaining claims in the case, the Clerk of Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **January 20, 2015**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE

6